IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE NO. |
|---|---|
| v. | 1:16-CR-145-TWT-JKL-25 |
| KELVIN SNEED (25) | |

**NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court are the following motions filed by Defendant Kelvin Sneed:

− Preliminary Motion to Suppress Statements [Doc. 311]

− Preliminary Motion to Suppress Cellular Phone Search Warrants and All Subsequent Intercepted Communications [Doc. 312]

− Motion to Sever [Doc. 1004]

For the reasons that follow, it is **RECOMMENDED** that these motions be **DENIED**.

**I.   BACKGROUND**

Sneed is charged in this case with conspiracy to commit racketeering activity (Count One). [*See* Doc. 1.] The indictment alleges that Sneed was a

member of the Gangster Disciples, which the government alleges operated as a racketeering enterprise as defined by 18 U.S.C. § 1961(4). [*Id.* at 14.] According to the indictment, beginning on or around October 4, 2013, and continuing through at least on or about October 21, 2013, Sneed and co-defendant Mangwiro Sadiki-Yisrael allegedly caused at least six fraudulent transactions to occur, which resulted in over $24,417 being deposited into at least one account controlled by Sneed. [*Id.* at 32 (Overt Act 31).]

## II.    MOTIONS TO SUPPRESS [311 & 312]

Sneed filed his Preliminary Motion to Suppress Statements and Preliminary Motion to Suppress Cellular Phone Search Warrants and All Subsequent Intercepted Communications in May 2016, before he and his counsel had received discovery in this case; thus, the motions were not particularized. [Docs. 311 at 1; 312 at 1-2.] Following the August 9, 2017, pretrial conference the Court entered an order directing Sneed to perfect those motions on or before August 23, 2017. [Doc. 1042 at 4.] Sneed has not filed perfected motions, nor has he otherwise taken any action further to the Court's directive. Accordingly, it is **RECOMMENDED** that Sneed's Preliminary Motion to Suppress Statements [Doc. 311] and a Preliminary Motion to Suppress Cellular Phone Search Warrants and All Subsequent Intercepted Communications [Doc. 312] be **DENIED**.

### III.  MOTION TO SEVER [1004]

Sneed moves to severance on the grounds that (1) he is not properly joined as a defendant under Rule 8(b); (2) even if properly joined, he should be severed under Rule 14 due to prejudicial spillover; and (3) there is the potential for a *Bruton* problem.  The Court addresses each of these arguments in turn.

Sneed argues that is not properly joined under Rule 8(b) because "the Government has failed to make the requisite showing from the face of the indictment that would permit joinder."  [Doc. 1004 at 8.]  Specifically, he contends that his alleged conduct is separate and distinct from the alleged actions of other purported co-conspirators, and in fact, he had no knowledge of any other persons involved in the alleged conspiracy, other than co-defendant Sadiki-Yisrael, who was also allegedly involved in the subject transaction.  [*Id.* at 7-8.]

The Court disagrees.  Federal Rule of Criminal Procedure 8(b) provides that joinder of defendants is proper "if they are alleged to have participated in the same . . . series of acts or transactions constituting an offense or offenses."  To meet the "same series of acts or transaction" requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that each

3

participant participate in all acts or even know the other participants' roles in the alleged activities. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

It is well-established that joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy. *See United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011).

While Sneed may very well have had a small role in the alleged conspiracy and may not have known other individuals allegedly engaged in the enterprise besides Sadiki-Yisrael, the Court finds that joinder is proper. Rule 8(b) is a pleading rule, and courts look to the indictment to determine whether joinder is proper under that rule. *See United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001); *United States v. Melvin*, 143 F. Supp. 3d 1354, 1363 (N.D. Ga. 2015). Here, the indictment alleges that Sneed was a member of the Gangster Disciples

and that he was involved in at least six transactions with a co-defendant in furtherance of the conspiracy and "to effect the object and purposes thereof." [*See* Doc. 1 at 17.] Accordingly, the Court concludes that Sneed has been properly joined as a defendant in this case with respect to Count One.

Because joinder is proper under Rule 8(b), the Court turns to Sneed's second argument, that he should be severed due to prejudicial spillover. [Doc. 1004 at 8-14.] Federal Rule of Criminal Procedure 14 allows for severance if it appears that a defendant will be prejudiced by a joinder of offenses or defendants. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Eleventh Circuit has explained that "[s]everance . . . is warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." *Liss,* 265 F.3d at 1228 (citation omitted). "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict.'" *Id*. (quoting *United States v. Meester*, 762 F.2d 867 (11th Cir.1985)). Cautionary instructions to the jury are presumed to adequately safeguard against prejudice. See *Lopez*, 649 F.3d at 1235

(cautionary instructions to the jury "ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt").

The Court is not persuaded that the nature and circumstances of Sneed's purported minor involvement in the alleged RICO conspiracy warrants severance under Rule 14.  His concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to him is a concern in virtually any multi-defendant conspiracy case where the participants have disparate levels of participation.  As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a minimal level of participation in the conspiracy.  *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989) ("In a conspiracy case, coconspirators should usually be tried together; the fact that a defendant only participated in one aspect of the conspiracy does not by itself warrant severance.").  Whatever risk there may be can likely be cured through limiting instructions to the jury.  *See Zafiro*, 506 U.S. at 539.  Accordingly, at this point, the Court concludes that Sneed has not demonstrated that he would suffer such compelling prejudice to mandate severance.  Sneed's request for severance due to prejudicial spillover should therefore be denied.

6

Finally, with respect to *Bruton*, Sneed acknowledges that a request for severance on that basis is premature as he does not know of statements that would require severance. [Doc. 1004 at 14.] In *Bruton v. United States*, the Supreme Court held that post-arrest statements made by a non-testifying co-defendant that incriminate other defendants are inadmissible because such statements violate the other defendants' Sixth Amendment rights to confront and cross-examine adverse witnesses. 391 U.S. 123, 126 (1968). Since Sneed has not identified any specific statement or testimony that might be offered at trial that would create a problem under *Bruton*, or identified any co-defendant who made a statement or whether such defendant is going to trial, the Court is unable to evaluate the motion and the appropriateness of any remedial efforts that could be taken at trial to avoid a *Bruton* problem. Accordingly, it is recommended that Sneed's motion to sever based on *Bruton* be denied at this time.

In sum, it is **RECOMMENDED** that Sneed's Motion to Sever [Doc. 1004] be **DENIED**. It bears mentioning, however, that severance is within the discretion of the trial judge, who must ultimately balance the efficient and orderly presentation of the case with the possibility of prejudice to defendants and the ability to cure such prejudice with instructions. This is a complex case involving many defendants and issues may arise as this matter moves toward trial that may

justify another look at severance of this and other defendants for trial. Although I recommend denying the motion at this stage in the proceedings, the trial judge may, of course, revisit the question of severance closer to trial. *See United States v. Alcindor*, No. 1:05-CR-0269-TWT-CCH, 2005 WL 8148993, at *5 (N.D. Ga. Dec. 7, 2005) (denying motion for severance but noting that severance is within the province of the trial judge), *report and recommendation adopted*, 2006 WL 8426658 (N.D. Ga. Mar. 10, 2006).

## IV.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Sneed's Preliminary Motion to Suppress Statements [Doc. 311]; Preliminary Motion to Suppress Cellular Phone Search Warrants and All Subsequent Intercepted Communications [Doc. 312]; and Motion to Sever [Doc. 1004] be **DENIED**.

There are no matters pending for Defendant Sneed (25), and the Court has not been advised of any impediments to the scheduling of a trial as to this defendant. Accordingly, this matter as to this defendant is **CERTIFIED READY FOR TRIAL.**[1]

---

[1] Since matters pertaining to Sneed's codefendants still are pending, the District Court is not required to place Sneed's case on the trial calendar at this time. 18 U.S.C. § 3161(h)(6).

8

**IT IS SO RECOMMENDED AND CERTIFIED** this 4th day of October, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge